**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Frances McGee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   18 C 4908 |
| | ) | |
| State Collection Service, Inc., a | ) | |
| Wisconsin corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Frances McGee, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Frances McGee ("McGee"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, State Collection Service, Inc. ("State"), is a Wisconsin corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the telephone and/or the mail to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the State of Illinois.  In fact, State was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant State is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached at Exhibit A.  In fact, Defendant conducts business in Illinois.

6.      Defendant State is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached at Exhibit B.  In fact, Defendant acts as a debt collection agency in Illinois by trying to collect debts from thousands of persons in Illinois via collection letters, phone calls and lawsuits.

**FACTUAL ALLEGATIONS**

7.      Ms. McGee is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including the debt she allegedly owed for medical services to Trinity Hospital.  After State began trying to collect this debt from Ms. McGee by sending her a collection letter, dated September 18, 2017, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding State's collection actions.  A copy of this collection letter is attached as Exhibit C.

8.      Accordingly, on December 30, 2017, one of Ms. McGee's attorneys at

LASPD informed State, in writing, that Ms. McGee was represented by counsel, and directed State to cease contacting her, and to cease all further collection activities because Ms. McGee was forced, by her financial circumstances, to refuse to pay her unsecured debts. A copy of this letter is attached as Exhibit D.

9.      Nonetheless, Defendant State directly called Ms. McGee, including, but not limited to, a telephone call on July 12, 2018, from telephone number 866-393-4956, regarding payment of the medical debt.

10.      Accordingly, on July 12, 2018 one of Ms. McGee's LASPD attorneys had to write to Defendant State to demand, yet again, that it cease communications and cease collection of the debt. A copy of this letter is attached as Exhibit E.

11.      Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12.      Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13.      Defendant State's collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendant State's collection communications are to be interpreted under the "unsophisticated consumer" standard, <u>see</u>, <u>Gammon v. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, <u>see</u>, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. McGee's attorneys at LASPD told Defendant State to cease communications and cease collections (Exhibit <u>D</u>).  By continuing to communicate regarding payment of this debt, Defendant State violated § 1692c(c) of the FDCPA.

18.     Defendant State's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

21.     Defendant State knew that Ms. McGee was represented by counsel in connection with this debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit <u>D</u>), that she was represented by counsel, and had directed Defendant State to cease directly communicating with her.  By directly calling Ms. McGee, despite being advised that she was represented by counsel, Defendant State violated § 1692c(a)(2) of the FDCPA.

22.     Defendant State's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Frances McGee, prays that this Court:

1.     Find that Defendant State's debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff McGee, and against Defendant State, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Frances McGee, demands trial by jury.

Frances McGee,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  July 18, 2018

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Carissa K. Rasch     (Ill. Bar No. 06327475)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com
carissa@philippslegal.com